# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 50427 | **DATE** | 8/8/2001 |
| **CASE TITLE** | Kostenbader vs. Kelly-Springfield Tire Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to strike; defendant's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendant's motion for summary judgment is granted in part and denied in part. Only plaintiff's coworker sexual harassment claim survives. Defendant's motion to strike plaintiff's affidavit and attached questionnaire pursuant to Rule 37 is referred to the Magistrate Judge. Defendant's motion to strike the Vanderheyden affidavit is denied. Paragraph one of plaintiff's motion to strike is referred to the Magistrate Judge; the remainder of her motion is denied. The parties are to schedule a settlement conference with the Magistrate Judge within 30 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG - 9 2001 date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| /LC | courtroom deputy's initials | AUG - 9 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED
AUG - 8 2001
MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

DOCKETED
AUG - 9 2001

| | |
|---|---|
| JAIME KOSTENBADER, | ) |
| Plaintiff, | ) |
| v. | ) No. 97 C 50427 |
| THE KELLY-SPRINGFIELD TIRE CORPORATION, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

On December 30, 1997, plaintiff Jaime Kostenbader filed a three-count complaint against defendant The Kelly Springfield Tire Company (incorrectly referred to as "The Kelly-Springfield Tire Corporation") ("Kelly Springfield"), alleging sex harassment (Count I), sex discrimination (Count II) and retaliation (Count III), in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e-2, 2000e-3. Kelly Springfield has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, and has moved to strike Kostenbader's affidavit (and an exhibit attached thereto) pursuant to Rule 37, as well as the affidavit of Steve Vanderheyden. Kostenbader has filed a motion to strike Kelly Springfield's motion to strike and certain responses or, in the alternative, requests leave to file a reply regarding its statement of facts. The court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper as the

alleged unlawful employment practices occurred in this district and division. See 42 U.S.C. § 2000e-5(f)(3).

## II. Analysis

### A. Kelly Springfield's motion for summary judgment

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Bekker v. Humana Health Plan, Inc., 229 F.3d 662, 669 (7th Cir.), cert. denied, 121 S. Ct. 1603 (2001). The court draws all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 120 S. Ct. 2097, 2110 (2000); EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 436 (7th Cir. 2000).

#### 1. Count I – Sex Harassment

Kostenbader actively worked at Kelly Springfield from January 12, 1995, until March 11, 1998, at which time she went on a medical leave of absence. She filed her discrimination charge on January 16, 1997. Kelly Springfield initially argues conduct occurring prior to March 22, 1996 is time-barred as beyond Title VII's 300-day limitations period. (LR56.1(a) ¶¶ 4-5) In so arguing, it uses January 16, 1997 as the date Kostenbader filed

her discrimination charge. Kostenbader argues she filed a discrimination charge with the Illinois Department of Human Rights ("IDHR") on July 31, 1996. (Pl. Aff., Exh. A) Kelly Springfield is correct, however, that the exhibit attached to Kostenbader's affidavit is not a discrimination charge but, rather, a questionnaire.[1] A questionnaire may, under certain circumstances, be treated as a charge for purposes of Title VII's timeliness requirements. See, e.g., Downes v. Volkswagen of Am., Inc., 41 F.3d 1132, 1138 (7th Cir. 1994); Philbin v. General Elec. Capital Auto Lease, Inc., 929 F.2d 321, 324-25 (7th Cir. 1991); Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 543-44 (7th Cir. 1988), cert. denied, 491 U.S. 907 (1989). Kostenbader has not shown any circumstances are present that would justify treating the questionnaire as a charge. See Novitsky v. American Consulting Eng'rs, LLC, 196 F.3d 699, 702 (7th Cir. 1999); Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir. 1991). Thus, the court finds January 16, 1997 is the date Kostenbader filed her discrimination charge.

Regarding her claims of coworker sexual harassment, the court finds Kostenbader can reach back to the beginning of her employment under the continuing violation theory. This theory allows a plaintiff to get relief for a time-barred act by linking

---

[1] Technically, the form is labeled "Employment Complainant Information Sheet." For simplicity, the court will refer to it as a questionnaire.

3

it to an act that falls within the limitation period. Speer v. Rand McNally & Co., 123 F.3d 658, 663 (7th Cir. 1997). Sexual harassment often consists of a series of harassing acts, often minor, and it may not be apparent to the victim that they add up to harassment until some time after the first act. Minor v. Ivy Tech State Coll., 174 F.3d 855, 857 (7th Cir. 1999). A relatively short time period is at issue here (from January 1995, when Kostenbader started working at Kelly Springfield, to January 1997, when she filed her discrimination charge), many of the acts of harassment were habitual and occurred within the relevant time period (LR56.1(b) ¶¶ 7, 38, 45, 47, 50, 51, 121-23), and much of the conduct could be viewed as trifling if viewed in isolation. A reasonable person in Kostenbader's shoes would not have perceived the working conditions as being intolerable until the acts of harassment had, through repetition and cumulation, reached the requisite level of severity. See Wilson v. Chrysler Corp., 172 F.3d 500, 510-11 (7th Cir. 1999). The court finds Kostenbader has alleged sufficient facts for a jury to decide whether her coworkers created a hostile work environment within the meaning of Title VII. Likewise, whether Kelly Springfield was negligent in addressing the alleged harassment is for the jury.

Kelly Springfield argues Kostenbader believed the conduct was harassing long before she filed the discrimination charge, as

4

evidenced by the harassment grievances she filed against Baker and Virtue in 1995 and 1996. However, these grievances involved supervisory conduct, not coworker conduct. This leads to the next issue. Kostenbader's allegations of supervisor harassment are limited to: Baker's comments; a calendar on Baker's computer with a picture of a naked woman and a note stating, "body of Bake"; Virtue putting his arm around Kostenbader and calling her "deary"; and, Virtue's profanity. (LR56.1(a) ¶¶ 17, 22(a), 22(b); LR56.1(b) ¶¶ 11, 13, 59) The court agrees with Kelly Springfield that, while such conduct was "boorish," it did not rise to the level of severity sufficient to trigger the Ellerth/Faragher heightened duty of care. See Wilson, 172 F.3d at 508-09.[2]

Thus, only Kostenbader's sexual harassment claim based on co-worker conduct survives Kelly Springfield's motion for summary judgment.

### 2. Count II - Sex Discrimination

In Count II, Kostenbader alleges she was subjected to sex discrimination because: (1) some members of management stated that women do not belong in the tire room; (2) Jim Garber, a Human Resources manager, stated that she worked in a "man's place, and made a man's wage" and she had to learn to deal with

---

[2] The court makes no finding as to whether such conduct would be admissible at trial.

5

Baker's comments; (3) unknown male employees made statements over the public address system implying she could not do her job because she was a woman; (4) Virtue used profanity in her presence and called her "deary" and a "bitch." (Compl. ¶¶ 47-52) In Count III, Kostenbader alleges management attempted to discipline her for inadequate production and tried to sabotage her machine in retaliation for her having filed sexual harassment grievances. (Id. ¶¶ 56-60)

Kelly Springfield initially argues Kostenbader's sex discrimination claim is beyond the scope of her underlying discrimination charge. The court agrees. As a general rule, a Title VII plaintiff cannot bring claims in a federal lawsuit that were not included in her underlying EEOC charge. Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000). All of the allegations in Kostenbader's charge speak of sexual harassment and retaliation. In her first paragraph, Kostenbader lists numerous examples of sexual harassment, and summarizes in the second paragraph: "I believe that in violation of Title VII of the Civil Rights Act of 1964, as amended, I have been discriminated against because of my sex, female, *in that I have been sexually harassed* . . . ." (Def. Exh. D) (emphasis added) Kostenbader's claim of sexual discrimination in her complaint is wholly distinct from the claim of sexual harassment described in the EEOC charge, and will not be allowed. See Vela, 218 F.3d at

6

664.

Kostenbader argues Kelly Springfield has waived this issue because it did not raise the matter as an affirmative defense. (Pl. Resp., pp. 9-10) The court disagrees. One of Kelly Springfield's affirmative defenses to Kostenbader's complaint is that she failed to file a timely charge of discrimination. (Def. Answer and Am. Affirmative Def. dated June 27, 2000, ¶ 1) Implicit in Kelly Springfield's scope argument is the conclusion that if Kostenbader's sex discrimination claim is not within the scope of her underlying charge, she is barred from asserting the claim because the limitations period for filing it with the EEOC has expired. Thus, the affirmative defense set forth in paragraph one sufficiently notifies Kostenbader as to Kelly Springfield's argument, which satisfies the spirit of Rule 8(c). See Brunswick Leasing Corp. v. Wisconsin Cent., Ltd., 136 F.3d 521, 531 (7th Cir. 1998) (purpose of Rule 8(c) is to avoid surprise and undue prejudice to the plaintiff by providing notice and opportunity to respond).[3]

Kostenbader also argues the questionnaire reflects she intended a claim of sex discrimination to be included in her

---

[3] Contrary to Kelly Springfield's assertion (Def. Reply, p. 9), the issue of whether Kostenbader's sex discrimination claim falls within the scope of her underlying discrimination charge does not go to the court's subject matter jurisdiction. See Rush v. McDonald's Corp., 966 F.2d 1104, 1110 n.20 (7th Cir. 1992).

7

charge because she listed "sexual harassment, sex-female" as the categories applicable to her claims. (Pl. Exh. A, Kostenbader Aff., Exh. A) Even if the court were to consider the questionnaire (an issue it need not decide), it would not change the court's finding. It is true that courts have looked beyond the four corners of the EEOC charge form in considering whether claims in a federal lawsuit are like or reasonably related to claims asserted in the underlying charge. Vela, 218 F.3d at 664. However, a reading of the questionnaire shows that all her allegations refer only to sexual harassment or retaliation, including her three-paragraph explanation attached to the questionnaire. It is also noteworthy she was represented by an attorney at the time she completed the questionnaire.

### 3. **Count III - Retaliation**

To state a prima facie case for retaliation, Kostenbader must show: (1) she engaged in statutorily protected activity; (2) she subsequently suffered an adverse employment action; and (3) there was a causal link between the adverse action and the protected activity. See Johnson v. Nordstrom, Inc., No. 00-3827, - F.3d -, 2001 WL 818874, at *5 (7th Cir. July 20, 2001). Kostenbader's claim fails because she never suffered an adverse employment action. An adverse employment action must be "materially" adverse to be actionable, meaning it must be more than a mere inconvenience or an alteration of job

8

responsibilities. Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1115 (7th Cir. 2001). Not everything that makes an employee unhappy is actionable. Id.

Kostenbader's retaliation claim centers on a written warning Virtue gave her for poor attendance, two written warnings for low production, and a three-day suspension, all of which were rescinded and removed from her file. (LR56.1(a) ¶¶ 41(g), 41(n), 41(s), 41(y), 43; Def. Exh. U; LR56.1(b) ¶ 67) None of these disciplinary actions resulted in a loss of pay, a demotion, a change in job responsibilities, or a lost opportunity for a promotion. Kostenbader did not suffer any tangible job consequence and the actions about which she complains are not materially adverse under Title VII. See Grube v. Lau Indus., Inc., No. 00-4131, 2001 WL 812260, at *6 (7th Cir. July 19, 2001) (criticism was not adverse employment action); Kruse v. City of La Crosse, 246 F.3d 995, 999 (7th Cir. 2001) (letter of reprimand unaccompanied by some other action, such as job loss or demotion, was not an adverse employment action).[4]

**B.  The motions to strike; punitive damages**

Kelly Springfield has moved to strike Kostenbader's affidavit and the questionnaire attached to it, as well as the affidavit of Steve Vanderheyden, the president of Local Union No.

---

[4] Likewise, even if the court were to consider Kostenbader's sex discrimination claim on its merits, it would fail for the same reason as her retaliation claim.

9

745 of the United Steelworkers of America International Union. As the above discussion shows, the information contained in the affidavits did not affect the court's resolution of the issues.[5] Kelly Springfield's motion to strike the questionnaire pursuant to Rule 37 is referred to the Magistrate Judge.

Paragraph one of Kostenbader's motion to strike also referred to the Magistrate Judge. The remainder of her motion is denied. Many of the issues about which she complains did not affect the court's analysis, and Kelly Springfield's LR56.1(a)(3)(B) response complied with the local rules.

Kelly Springfield's argument as to punitive damages is denied; resolution of this issue is premature.

### III. Conclusion

For the reasons set forth above, Kelly Springfield's motion for summary judgment is granted in part and denied in part. Only Kostenbader's coworker sexual harassment claim survives. Kelly Springfield's motion to strike Kostenbader's affidavit pursuant to Rule 37 is referred to the Magistrate Judge. Its motion to strike the Vanderheyden affidavit is denied. Paragraph one of

---

[5] To the extent Kelly Springfield seeks a ruling that counsel for plaintiff violated ethical rules by contacting Vanderheyden ex parte, the court finds he did not. The court disagrees that Vanderheyden's statements constitute admissions by Kelly Springfield. He is the president of the union, which typically puts him on the *opposite* side of the fence, and there is no evidence he is in any other type of position which renders him an agent of Kelly Springfield.

10

Kostenbader's motion to strike also referred to the Magistrate Judge. The remainder of her motion is denied.

E N T E R :

*[signature]*
PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 8, 2001